```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,                  :
             Plaintiff                :
        v.                            : Civil Action No. 05-61J
SHEETZ #27,                           :
             Defendant                :


LESLIE PAUL HOWARTH,                  :
             Plaintiff                :
        v.                            : Civil Action No. 05-62J
SHEETZ #21,                           :
             Defendant                :


LESLIE PAUL HOWARTH,                  :
             Plaintiff                :
        v.                            : Civil Action No. 05-63J
SHEETZ #49,                           :

             Defendant                :
LESLIE PAUL HOWARTH,                  :
             Plaintiff                :
        v.                            : Civil Action No. 05-64J
SHEETZ #55,                           :
             Defendant                :


LESLIE PAUL HOWARTH,                  :
             Plaintiff                :
        v.                            : Civil Action No. 05-65J
SHEETZ #162,                          :
             Defendant                :


LESLIE PAUL HOWARTH,                  :
             Plaintiff                :
        v.                            : Civil Action No. 05-66J
SHEETZ #127,                          :
             Defendant                :


LESLIE PAUL HOWARTH,                  :
             Plaintiff                :
        v.                            : Civil Action No. 05-67J
SHEETZ #113,                          :
             Defendant                :


LESLIE PAUL HOWARTH,                  :
             Plaintiff                :
        v.                            : Civil Action No. 05-68J
SHEETZ #22,                           :
             Defendant                :
```

## Orders, Report and Recommendations

### Orders and Recommendation

Plaintiff filed <u>pro se</u> complaints, citing the regulations implementing the Americans with Disabilities Act, 42 U.S.C.§ 12101, <u>et seq.</u>, against defendants, convenience stores operated by Sheetz, Inc., at various locations in Cambria and Somerset Counties. The complaints are virtually identical, and allege that the parking lot of each store fails to have the required number of reserved parking spaces to comply with the ADA. Sheetz, Inc., has filed a virtually identical motion to dismiss in each case, alleging failure to make proper service, Fed.R.Civ.P. 12(b)(5), and failure to state a claim, Fed.R.Civ.P. 12(b)(6). In each case, plaintiff has filed superfluous motions for leave to proceed <u>in forma pauperis</u>, because plaintiff was already granted leave to proceed <u>in forma pauperis</u>. The plaintiff's motions for leave to proceed <u>in forma pauperis</u> are denied in each case as unnecessary.

The motions to dismiss should be granted.

### Report

Plaintiff alleges that he is disabled and uses a wheelchair or crutches. He has filed complaints against many area businesses or public entities alleging noncompliance with regulations implementing the Americans with Disabilities Act. In these complaints he alleges that Sheetz, Inc., does not have the required number of ADA compliant parking spaces at these specific stores. No further allegations of fact appear.

Defendant moves to dismiss because plaintiff did not serve

the complaint properly. According to defendant, in each case plaintiff mailed the complaint and summons to defendant's stores. Plaintiff has neither filed returns of service nor responded to the motions to dismiss, so I accept defendant's account as true.

Fed.R.Civ.P. 4(h) permits service of a complaint on a corporation within this district by personal service on an officer or managing or general agent, by service on a statutory agent, or by a method sufficient under Rule 4(e)(1) for service on an individual defendant. Rule 4(e)(1) in turn permits service in this district by any method that would be valid under Pennsylvania law. The ordinary method of service on a corporation in Pennsylvania is by personal service under Pa.R.Civ.P. 424. Richard Johnson Honeyshine Shoe Exp. Services v. U.S. Equity Realty, Inc., 125 F.Supp.2d 695, 699 (E.D.Pa.2000), aff'd w/o op., 275 F.3d 35 (3d Cir.2001). Pa.R.Civ.P. 403, which describes the method of service by mail, expressly is limited to cases where a separate rule "authorizes original process to be served by mail," most notably in Pa.R.Civ.P. 404, governing service outside Pennsylvania. Plaintiff cannot ordinarily serve a domestic corporation by mail.

Because plaintiff has been granted leave to proceed in forma pauperis, failure to make proper service is not fatal to the complaint, since service of the complaint ordinarily will be made by the Marshal. I turn therefore to the defendant's second reason for dismissing the complaints, their alleged failure to state a claim.

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true the facts alleged in the

complaint, and must construe them in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal is only appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). At the same time, the court is not an advocate for plaintiff and does not supply allegations plaintiff has not made or draw unsupportable inferences.

Title III of the ADA, 42 U.S.C.§ 12182(a)(1), and (2)(iii), provides in part:

a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
***
(2) Specific prohibitions
(A) Discrimination
For purposes of subsection (a) of this section, discrimination includes--
***
(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

Sheetz, Inc., does not dispute that its stores are public accommodations and that Title III requires public accommodations to be accessible to persons with mobility impairments like plaintiff's, nor does it disagree with plaintiff that as implemented Title III requires its stores to designate particular parking spaces as reserved for disabled shoppers. However, defendant argues that

neither the federal constitution nor Title III permit plaintiff, just because he has a disability, to act as a private attorney general to enforce compliance with the ADA. To state a legal claim, a plaintiff must show that he has suffered some particular injury from the defendant's act or omission separate and apart from the metaphysical injury to society in general caused by a person's violation of law. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). An injury, under Title III of the ADA, is "a real and immediate threat that a particular (illegal) barrier will cause future harm." Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003). A person with a disability who is currently deterred from patronizing a public accommodation due to a failure to comply with the ADA, or who is threatened with being deterred in the future because of the noncompliance, suffers sufficient harm to confer standing. Id., citing Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir.2002). A person with a disability who is deterred from patronizing one place of public accommodation by its alleged noncompliance with the ADA does not have standing to assert claims against a public accommodation suffering from the same alleged noncompliance but which he has not sought to visit, just as his particular disability does not confer standing to raise ADA claims which do not relate to his disability. Clark v. McDonald's Corp. 213 F.R.D. 198, 230 (D.N.J.2003). In the same way, observing an instance of noncompliance with the ADA that offends plaintiff's

sense of the way things ought to be but which does not deter or impair his ability to patronize a public accommodation does not confer standing[1]. To repeat the illustration I used in a previous matter involving parking lots, if the parking lot at a particular store should have four handicapped parking spaces but only has three, plaintiff is not injured and has no standing to seek injunctive relief, which is the only kind of relief provided to plaintiff under Title III of the ADA, unless it is "likely," see Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 212 (1995)(holding that standing existed because alleged that future injury was "likely" or "extremely likely"), that he will be deterred from patronizing the store because those spots are always, or perhaps almost always, taken. To have a valid complaint, plaintiff

---

1. There are not many reported decisions which address this point, in part because it appears that most plaintiffs properly focus on a specific issue of access at a specific location. In Clark v. McDonald's Corp., supra, 213 F.R.D. at 230, Judge Kugler noted that plaintiffs conceded that although a paraplegic had standing to challenge a McDonald's restaurant's compliance with the ADA's access regulations, he did not have standing to challenge the alleged absence of Braille menus or speaker volume controls. In the Eastern District of Pennsylvania, James George Douris, filed several ADA claims against a number of public entities under Title II and against public accommodations under Title III. In Douris v. Genuardi's Family Markets, 2004 WL 2137821 (E.D.Pa.2004), aff'd, 132 Fed.Appx. 425 (3d Cir.2005), Judge Hutton granted summary judgment to a store which Douris, who uses a wheelchair, alleged to have violated Title III by not having its customer service counter at the proper height. In the middle of his discussion about counters, Judge Hutton noted that Douris raised an issue about bathrooms, which he refused to consider because it was not raised in Douris' complaint pleadings. Undoubtedly there are regulations under the ADA relevant to bathroom fixtures for wheelchair users, and Fed.R.Civ.P. 15 certainly permits amendments of the complaint. Judge Hutton's ruling was correct, however, because a person cannot simply identify violations of the ADA: to state a claim those violations must be alleged to be deterrents to that person's future access.

must at least allege this kind of harm.

Plaintiff does not allege that he will be deterred from patronizing the Sheetz stores named as defendants because of the state of their parking lots, nor does he even allege that he ever suffered such harm there.

The complaints must be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 27 July 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

David B. Consiglio, Esquire
720 South Atherton Street
State College, PA 16801

7